IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-000463-CNS-TPO

RUSSELL EVANS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC.,

    Defendant.

## RECOMMENDATION[1][2]

**Timothy P. O'Hara, United States Magistrate Judge.**

Before the Court are Plaintiff Russell Evans's "Unopposed Verified Motion for a Preliminary Injunction" [ECF 35] and "Motion to Amend Complaint and Add Third-Party Defendants Rowley's Collision Center, Inc. d/b/a Iron Mountain Collision ("Iron Mountain") and Kevin Rowley" [ECF 45]. Both Motions were referred to the undersigned by District Judge Charlotte N. Sweeney. ECF 46. Defendant State Farm does not oppose Plaintiff's request for a preliminary injunction, ECF 35 at p. 1, and takes no position on joining Iron Mountain and Kevin Rowley as Defendants. ECF 45 at p. 1. No responses to either Motion were filed. The Court finds

---

[1] "Whether motions to amend are dispositive is an unsettled issue in the 10th Circuit." *Elide Fire USA Corp. v. Auto Fire Guard, LLC*, No. 21-cv-00943-WJM-NYW, 2022 WL 1013831, *1 n.1 (D. Colo. Apr. 5, 2022) (quoting *Cano-Rodriguez v. Adams Cty. Sch. Dist. 14*, No. 14-cv-01370-CMA-KLM, 2020 WL 6049595, at *1 n.2 (D. Colo. July 23, 2020), *report and recommendation adopted*, 2020 WL 4593219 (D. Colo. Aug. 11, 2020)). While granting motions to amend are treated as non-dispositive in this District, recommendations to deny a motion to amend are viewed as dispositive of the newly sought claims. *Id.* Since this Court concludes that the Motion to Amend should be denied, this Court proceeds by Recommendation rather than an Order.

[2] Motions for Preliminary Injunction also must be decided by the district judge assigned to the case. *See* D.C.Colo.LCivR 40.1(c)(1).

1

that additional briefing or argument will not materially assist the Court in making its determination on either Motion. The Court recommends that the District Judge **deny** both Motions, ECF 35 and ECF 45, **without prejudice**.

## GENERAL BACKGROUND

The underlying dispute in this matter stems from an auto accident that occurred on January 5, 2023, in a parking lot in Larimer County, Colorado. ECF 4 ¶ 8. The case involves only property damage to Plaintiff's vehicle, which was hit by a vehicle driven by Helen Behnke (nonparty). *Id.* Ms. Behnke was insured by Liberty Mutual Insurance and Safeco Insurance and accepted liability. *Id.* ¶¶ 10-11. Plaintiff submitted a claim to at least one of Ms. Behnke's insurance companies for the cost of repairs. *Id.* ¶ 12. Safeco responded by providing Plaintiff with an estimate for repairs. *Id.* ¶ 14. Plaintiff then took his vehicle to Iron Mountain Collision, located in Loveland, Colorado.[3] *Id.* ¶¶ 14-15.

On or about January 10, 2023, Plaintiff's vehicle was delivered to Iron Mountain. ECF 45 ¶ 1. At that same time, Iron Mountain prepared an initial estimate of repairs and submitted it to "Liberty Mutual/Safeco." ECF 4 ¶ 16; ECF 45 ¶ 4. On January 31, 2023, Iron Mountain provided a supplemental estimate to Safeco's adjustor. ECF 4 ¶¶ 22-23. On February 10, 2023, Plaintiff also opened a claim regarding his vehicle's repairs with his own insurer, Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). *Id.* ¶ 25.

Over the next year or so, State Farm, Safeco, and Iron Mountain disputed the cost of repairs. *See generally id.* On January 8, 2024, Plaintiff was finally informed by both Iron Mountain and

---

[3] Iron Mountain's website states that it is a "family owned and operated" business based in Loveland, Colorado. https://imcollision.com/about-us. It is unclear whether Safeco sent Plaintiff to Iron Mountain Collison.

2

State Farm that his vehicle was deemed a total loss "with no information supporting this decision." *Id.* ¶¶ 88-89.

On January 22, 2025, Plaintiff brought suit against Defendant, his own insurance company, in Larimer County District Court alleging Bad Faith/Breach of Contract for Unfair Dealing (Claim One) and Unreasonable Failure to Settle Claim (Claim Two) and Statutory Bad Faith under C.R.S. § 10-3-1115-16. ECF 4. In the Complaint, Plaintiff requests "to be awarded damages in an amount to be proven at trial." *Id.* at p.4. On February 16, 2025, Defendant removed the matter to federal court based on diversity of citizenship under 28 U.S.C. § 1332(c)(1). ECF 1 ¶ 11.

## **SPECIFIC BACKGROUND RELEVANT TO THE INSTANT MOTIONS**

When Plaintiff brought his vehicle to Iron Mountain, he signed documents regarding a storage fee agreement. ECF 45 ¶ 2. The agreement precluded any storage fee "unless a written agreement, separate from any other repair document, for an amount is reached." *Id.* ¶ 3. However, the agreement allowed a storage fee, to start on the fourth day after "a motor vehicle is not removed . . ." upon notice of completed repairs provided to the customer. *Id.* The agreement also states that the storage fee is billed "from the day the car is deemed a total loss, or we are instructed to stop work by the customer prior to completion." *Id.*

During the deposition of Kevin Rowley, the owner of Iron Mountain, on September 20, 2024, Plaintiff learned that Iron Mountain still had Plaintiff's vehicle and that the storage fees were approximately $83,896.50. *Id.* ¶¶ 9, 18. Plaintiff was advised that Iron Mountain would "sue him for the fees." *Id.* ¶ 19. Plaintiff had been under the impression that "State Farm would be obligated to pay the storage fees," and that Defendant would "subrogate to Liberty Mutual and recover all the fees since Liberty Mutual's client was at fault." *Id.* ¶¶ 10-11.  The Plaintiff estimates that the

3

storage fees are now increasing at a rate of more than $5,500 per month. *Id.* ¶ 18. These storage fees are the subject of the present motions.

Following the deposition with the owner of Iron Mountain, Plaintiff filed the present Motions for a preliminary injunction and to join Iron Mountain and Kevin Rowley as parties to this case.

## LEGAL STANDARDS

### I.  Amendment of Pleadings

Rule 15 of the Federal Rules of Civil Procedures states that after the deadline for amending a pleading once as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Maloney v. City of Pueblo, Colorado*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). Granting leave to amend pursuant to Rule 15(a) is within the trial court's discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Amendments to a complaint that seek to join a new party also "require consideration of Fed. R. Civ. P. 20,[4] governing permissive joinder." *FidoTV Channel, Inc. v. Inspirational Network, Inc.*, No. 18-cv-02295-CMA-NYW, 2019 WL 4043940, at *3 (D. Colo. Apr. 29, 2019) (quoting

---

[4] Plaintiff requests to join new parties under Fed. R. Civ. P. 19, for joinder of required parties. ECF 45 at pp. 4-5. This Court does not find that provision supports Plaintiff's request, as discussed below.

4

*Robinson v. Gillespie*, 219 F.R.D. 179, 188 (D. Kan. 2003)). Rule 20 allows persons to be joined as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact in common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). Typical considerations include "whether joinder would prejudice any party, would cause needless delay, or would offend notions of judicial economy and efficiency." *FidoTV*, 2019 WL 4043940, at *3 (citing *Patrick Collins, Inc. v. John Does 1-2*, No. 12-cv-01641-WYD-MEH, 2013 WL 3759942, at *3 (D. Colo. July 15, 2013)). "Joinder under rule 20 'is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 963 (D. N.M. 2018) (quoting *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977)). However, "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e).

## II.     Preliminary Injunction

A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*; *see also Winter v. N.R.D.C., Inc.*, 555

U.S. 7, 20 (2008) ("[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). In considering these factors, "a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction. . . " *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Notice must also be provided to any "adverse party." Fed. R. Civ. P. 65(a)(1).

A party seeking a preliminary injunction "must first demonstrate that [irreparable harm] is likely before the other requirements for the issuance of an injunction will be considered." *Id.* (citations omitted). "If a movant cannot establish that an injunction is the only way to avoid irreparable harm, the court can deny the motion without considering the remaining factors." *SEBO Am. LLC v. K&M Housewares & Appliances, Inc.*, 12-cv-03683-DDD-NRN, 2021 WL 1329077, at *2 (D. Colo. Mar. 18, 2021) (citing *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017)). Preliminary injunctions are a limited and extraordinary remedy intended to preserve the status quo pending trial on the merits. *See Schrier*, 427 F.3d at pp. 1258-59. As such, the court should consider the likelihood that such irreparable harm, if any, will occur before the district court's ruling on the merits to warrant a preliminary injunction. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (citing *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1260 (10th Cir. 2003)).

## ANALYSIS

### I. Leave to Amend to Add Defendants

Plaintiff's "Motion to Amend Complaint and Add Third-Party Defendant Rowley's Collision Center, Inc. d/b/a Iron Mountain Collision and Kevin Rowley" [ECF 45] seeks to bring

6

Iron Mountain and Kevin Rowley into this matter pursuant to Fed. R. Civ. P. 19(a).[5] Plaintiff argues that "[j]oinder of [Iron Mountain] and Mr. Rowley is necessary to complete adjudication, because, they claim Mr. Evans is personally liable for the immense storage fees, will not release his vehicle until the fees are paid, will continue to accrue those fees, and are now claiming the right to destroy his vehicle." ECF 45 at p. 5. He continues, "[Plaintiff] is entitled to have a factfinder determine who is at fault for the accrual of the fees and how liability for those fees should be apportioned." *Id.*

Rule 19 "sets the standard for whether an absent party is a required and/or indispensable party to an action." *E.E.O.C. v. Akal Sec. Inc.*, No. 08-1274-JTM-KMH, 2009 WL 2356154, at *1 (D. Kan. July 29, 2009) (citing *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001)). This Court finds that Plaintiff's use of Rule 19 to add parties is procedurally incorrect. The Tenth Circuit has explained that Rule 19 "does not provide a joinder mechanism for plaintiffs." *Shaw v. AAA Engineering & Drafting Inc.*, 138 F. App'x. 62, 66 (10th. Cir. 2005) (first citing *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 669 (6th Cir. 2004) ("Rule 19 is the tool of the defendant, as the plaintiff has the power to choose which parties it wishes to sue and generally has ample freedom to amend its complaint to add a party."); and then citing Fed. R. Civ. P. 12(b)(7)); *Birmingham v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1021 (10th Cir. 2011) (reliance on Rule 19 to amend to join a "required" Defendant is a "fundamental misunderstanding" of its purpose).

Instead, Rule 20 (Permissive Joinder of Parties) provides the proper mechanism for Plaintiff's requested relief. "Rule 20(a)(2) permits the joinder of defendants if 'any right to relief

---

[5] While Plaintiff cites Fed. R. Civ. P. 19 (Required Joinder of Parties), Plaintiff moves the Court to amend the Complaint to add Iron Mountain and Kevin Rowley as "third-party defendants," ECF 45 ¶ 22, a request which is governed by Fed. R. Civ. P. 14 (Third Party Practice). From the Court's assessment of Plaintiff's Motion, however, Plaintiff appears to be seeking to join Iron Mountain and Kevin Rowley as co-defendants, and not as third-party defendants.

7

is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences,' and 'any question of law or fact common to all defendants will arise in the action.'" *FidoTV*, 2019 WL 4043940, *3 (quoting Fed. R. Civ. P. 20(a)(2)(A), (B)). Trial courts, in their discretion, may permit joinder after considering "whether joinder would prejudice any party, would cause needless delay, or offend notions of judicial economy and efficiency." *Id.* (citing *Patrick Collins, Inc. v. John Does 1-2*, No. 12-cv-01641-WYD-MEH, 2013 WL 3759942, at *3 (D. Colo. July 13, 2013)). The Federal Rules of Civil Procedure strongly encourage joinder of claims, parties, and remedies to promote efficiency. *Stone Creek Bus. Cty., LLLP v. Stone Creek-Colorado, LLC*, No. 20-cv-01413-PAB-GPG, 2021 WL 877716, at *3 (D. Colo. Mar. 9, 2021) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

However, because the Court's jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1447(e) also applies. *See Parkside at Mountain Shadows Owners Ass'n. Inc. v. Travelers Cas. & Sur. Co. of Am.*, No. 15-cv-0120-WJM-KMT, 2015 WL 3903020, at *2 (D. Colo. June 23, 2015) (holding 28 U.S.C. § 1447(e) applies even where 15(a) would otherwise freely allow amendment) (citations omitted). Whether to deny or permit joinder of non-diverse parties is squarely within the discretion of the district court. *Knowles v. Am. Fam. Ins. Co.*, No. 06CV01297 EWNPAV, 2006 WL 2942940 (D. Colo. Oct. 13, 2006) (citing *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999).

Despite the broad discretion afforded to trial courts in permitting joinder, the Court nevertheless recommends denying the motion to amend at this time because the impact of joinder on subject matter jurisdiction is unclear. The Court finds that Plaintiff's Motion fails to present sufficient information by which the Court can determine whether permissive joinder is appropriate.

8

Specifically, Plaintiff does not address either of Rule 20's requirements or present any legal authority. Parties seeking relief by motion must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). "Particularity" under Rule 7(b)(1) is generally satisfied by "reasonable specification." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1240 (10th Cir. 2006) (citing *Martinez v. Trainor*, 556 F.2d 818, 820 (7th Cir. 1977)). Plaintiff's Motion does not meet the "particularity" requirement for Motions under 7(b): it fails to raise a permissive joinder argument, fails to address potential jurisdictional implications, and fails to outline the claim or claims that will be brought against these two new Defendants. Without sufficient information, the Court cannot adequately address the merits of whether leave to amend is proper under the applicable Fed. R. Civ. P. Rules 15(a) and 20, as well as 28 U.S.C. § 1447(e).[6] *See, e.g., Perez v. Franklin Corp.*, No. 20-cv-00237-PAB-NYW, 2020 WL 4597646, at **2-3, (D. Colo. Aug. 10. 2020) (assuming joinder would destroy subject matter jurisdiction when plaintiff did not sufficiently establish citizenship); *Elide Fire USA Corp. v. Auto Fire Guard, LLC*, No. 21-cv-00943-WJM-NYW, 2022 WL 1013831, at **5-6 (D. Colo. April 5, 2022) (denying motion for leave to amend for failing to recite legal authority and for presenting undeveloped arguments).

Finally, Plaintiff's motion does not comply with D.C.COLO.LCivR 15.1(b)(2), which instructs parties seeking leave to amend to "attach as an exhibit a copy of the proposed amended or supplemental pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., <u>underlines</u>) the text to be added." Courts in this District have routinely found failure to comply with the District of Colorado's Local Rules sufficient alone to deny motions for leave to amend. *See Matios v. City of Loveland*, No. 23-cv-01844-WPJ, 2024 WL 896758, at * 11

---

[6] As part of any subsequent Motions to Amend, Plaintiff must address the jurisdictional impact, if any, of joining the two new defendants.

Case No. 1:24-cv-00463-CNS-TPO   Document 64   filed 06/24/25   USDC Colorado
pg 10 of 12

(D. Colo. Mar. 1, 2024); *Johnson v. Giles*, No. 20-cv-00037-RM-MEH, 2022 WL 611496, at *2 (D. Colo. Mar. 2, 2022); *see also Waller v. City and Cnty of Denver,* No. 14-cv-02109-WYD-NYW, 2015 WL 1816371,at *4 (D. Colo. Apr. 20, 2015), *report and recommendation adopted*, No. 14-cv-02109-WYD-NYW, 2015 WL 5302476 (D. Colo. Sept. 11, 2015), *aff'd*, 932 F.3d 1277 (10th Cir. 2019)."The reason for such a rule is clear: by attaching the proposed amended pleading to the motion, the movant allows the non-movant an opportunity to review and assess the proposed changes and formulate an appropriate response . . ." *Sturm v. Weber*, No. 21-cv-00684-WJM-GPG, 2022 WL 17547808, at *3 (D. Colo. Aug. 10, 2022). Without a proposed amended complaint for the Court to review, the Court cannot conduct the proper analysis, and Plaintiff's Motion should also be denied for this reason.

## II.     Preliminary Injunction

Plaintiff also seeks a preliminary injunction from the Court directing Iron Mountain, not currently named as a defendant, "to release his vehicle and cease accruing storage fees." ECF 35 at p. 1. Plaintiff argues he will suffer irreparable injury unless the injunction issues because "Iron Mountain has announced that it will not release the vehicle to stop the accrual of storage charges, that it intends to continue charging storage fees of more than $5,500 per month, and that it intends to sue the Plaintiff for the fees to date and into the future." *Id.* at p. 4, ¶ 2. Plaintiff emphasizes that he may suffer potential economic injury.

In the Tenth Circuit, however, economic loss generally does not constitute irreparable harm because monetary damages are an adequate legal remedy. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (citing 11A Charles Alan Wright, Arther R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2948.1, at 152-53 (2d ed. 1995)); *Greater Yellowstone Coal.*, 321 F.3d at 1258 (holding that irreparable harm is demonstrated by a significant risk of

harm that cannot be compensated by monetary damages). Although Rowley's statements, made under oath during his deposition, suggests that the risk of litigation regarding the storage fees is more than merely speculative, the potential economic injury does not constitute "irreparable harm" such that a preliminary injunction is appropriate.

Beyond citing two Colorado Supreme Court cases setting forth a legal standard[7] to obtain a preliminary injunction, Plaintiff offers no legal authority to support his entitlement to a preliminary injunction, *see* ECF 35 at p. 4, and the Court has found none. The burden is on the movant to establish his right to the relief requested. *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975); *see also Robey-Harcourt v. BenCourp Fin. Co.*, 326 F.3d 1140, 1143 (10th Cir. 2003) ("Parties must support their arguments with legal authority.") (citations omitted).

Plaintiff's Motion for Preliminary Injunction also fails in other regards. First, Plaintiff fails to provide any proof of notice to the adverse party, Iron Mountain, as required by Fed. R. Civ. P. 65(a)(1). Also, Plaintiff's Motion fails to meet Fed. R. Civ. P 7(b)(1)(B)'s "particularity" requirement. For example, Plaintiff fails to detail how he plans to succeed in his litigation *against Iron Mountain*, failing to even mention the legal grounds for the party's inclusion in the lawsuit.

---

[7] Plaintiff sets forth the Colorado State Rules of Civil Procedure standards and cites *City of Golden v. Simpson*, 83 P.3d 87, 96 (Colo. 2004) ("A preliminary injunction is designed to preserve the status quo or protect rights pending the final determination of a cause.") (citation omitted) and *Rathke v. MacFarlene*, 648 P.2d 648, 653-54 (Colo. 1982) (C.R.C.P. Rule 65(a) requires a demonstrating of: (1) reasonable probability of success on the merits; (2) a danger of real, immediate, and irreparable injury; (3) absence of a plain, speedy, and adequate remedy at law; (4) granting preliminary injunction would not disserve the public interest; (5) balancing equities; and (6) the injunction preserves the status quo pending trial) (citations omitted). ECF 35 at p. 3. The Court considers the Tenth Circuit's factors.

The Court determines that Plaintiff has not met the heavy burden to justify granting a preliminary injunction. As a result, the Court recommends that Plaintiff's Motion for a Preliminary Injunction [ECF 35] be denied.

## CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS** that:

1. Plaintiff's Motion to Amend Complaint and Add Third-Party Defendant Rowley's Collision Center, Inc. d/b/a Iron Mountain Collision and Kevin Rowley [ECF 45] be **DENIED WITHOUT PREJUDICE**, and

2. Plaintiff's Unopposed Verified Motion for a Preliminary Injunction [ECF 35] be **DENIED WITHOUT PREJUDICE**,

DATED at Denver, Colorado, this 24th day of June, 2025.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge